UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

David Starks,                              )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )        Civil Action No. 17-1840 (UNA)
                                           )
United States,                             )
                                           )
                Defendant.                 )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and

application for leave to proceed *in forma pauperis*. The Court will grant the application and

dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3)

(requiring the court to dismiss an action "at any time" it determines that subject matter

jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party

seeking relief in the district court must at least plead facts that bring the suit within the court's

jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff is a Texas state prisoner. He sues the United States, contending "that the past and

present members of Congress and Presidents of the United States . . . have failed to legally establish

the Universal Declaration of Human Rights in the United States . . . and further have failed to make

reparations available to the descendants of slaves in the United States such as the plaintiff."

Compl. at 3. Plaintiff seeks declaratory and injunctive relief, which are available only if there

exists "an independent source of federal jurisdiction." *C & E Services, Inc. of Washington v. D.C. Water and Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002) (citation and internal quotation marks omitted).

Plaintiff invokes the Administrative Procedure Act, which "provides a generic cause of action in favor of persons aggrieved by agency action [but] is not an independent source of jurisdiction." *Cohen v. United States*, 650 F.3d 717, 723 (D.C. Cir. 2011) (citation and internal quotation marks omitted). Plaintiff has not identified an agency action, and the APA simply does not apply to Congress. Otherwise, dismissal is required under the separation of powers doctrine. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992) ("[T]he Constitution of the United States divides all power conferred upon the Federal Government into "legislative Powers," Art. I, § 1, "[t]he executive Power," Art. II, § 1, and "[t]he judicial Power," Art. III, § 1[.]") (alterations in original).

Under Article 1 of the Constitution, "[t]he Founders of this Nation entrusted the law making power to the Congress alone[.]" *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 589 (1952); therefore, this court cannot exercise jurisdiction over plaintiff's claim based on the government's alleged failure to "establish the Universal Declaration of Human Rights." Compl. at 3.

Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[,]" *Lujan*, 504 U.S. at 560. In order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact— an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical"; (2) that "a causal connection" exists "between the

2

injury and the conduct complained of . . ., and [is] not the result of the independent action of some third party not before the court"; and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560-61 (alterations, internal quotation marks, and citations omitted). Where, as with Plaintiff's slave reparations claim, "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: October __19__, 2017

United States District Judge